GRIFFIN BARKER and another *v.* ALFRED PHILLIPS.
WILLIAM B. SKIDMORE *v.* THE SAME.
RICHARD H. MANNING *v.* THE SAME.

ON an applicatian by *Lockett* and *Micou,* for the plaintiffs in these cases, for a re-hearing.

SIMON, J.    This application is for the purpose of obtaining a modification of our judgment, in such manner as to give to the plaintiffs an opportunity of showing that the intervenor, in whose favor we decreed the reimbursement of the sum of $1,600 to be paid to him out of the proceeds of the sale of the goods' attached in the three suits, has not delivered to the sheriff all the goods subject to the attachments, and by him, said intervenor, purchased of the defendant ; that a large portion of the said goods remained in his possession, and have been by him disposed of ; and that, on a fair settlement and liquidation of the value of the goods kept by the intervenor, it will be found that he has been fully reimbursed the amount to which he is entitled under our judgment.

We were under the impression, from the testimony of one of the witnesses, that the goods attached were *all the goods* sold by the defendant to the intervenor, as the witness testified, that when the attachment was levied, Stewart Haynes said that the goods seized were " the goods belonging to Prentiss or Phillips, that came out in the ship Huntsville ;" but on a re-examination of the record, we have been able to ascertain that *all the goods* purchased were not delivered to the sheriff, the intervenor hav-

ing bought eleven packages of goods from Phillips, according to the bill of lading, and the attachments having been levied upon four boxes and some loose dry goods.   Indeed, the evidence, so far as it goes, authorizes us to believe that the intervenor kept a large portion of the goods purchased in his possession.   Stewart Haynes admitted that he had received eight packages.   The witness, Powers, says, that " seven boxes were delivered to S. Haynes ; there was some furniture left, worth about $200 ; and it seems to us just that the intervenor should account for the value of the goods which he kept, as so much by him received on account of the reimbursement allowed him in our judgment ; the balance, if any remain due, to be paid out of the proceeds of the sale of the goods attached.

The subsequent proceedings had in the court below for the sale of the property, are not before us ; the evidence in the record as to the value of the goods kept by the intervenor and their quantity, is insufficient ; and we think justice requires that these cases should be remanded for further proceedings for the purpose only of ascertaining the quantity and value of the goods left in the intervenor's possession and from which he has benefited, and liquidating the amount which, we think, should be first applied to the satisfaction of his claim, before his being allowed to receive any part of the funds proceeding from the sale of the goods attached.

It is, therefore, ordered and decreed, that our judgment, so far as it goes, remain undisturbed ; and that these three cases be remanded to the court below for further proceedings, for the purposes set forth in the present opinion, according to law, and the principles above recognized.